JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA STANDLEE,<br><br>      Plaintiff,<br><br>  v.<br><br>ABBOTT LABORATORIES, *et al.*,<br><br>      Defendants. | Case No. 2:24-cv-09586-FLA (MAAx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEY'S FEES [DKT. 20]** |

1    **ORDER**

2        Before the court is Plaintiff Angela Standlee's ("Plaintiff") Motion for Remand

3    to the Los Angeles County Superior Court ("Motion").  Dkt. 20 ("Mot."); Dkt. 20-1

4    ("Mot. Br.").  Defendants Abbott Laboratories ("Abbott") and St. Jude Medical S.C.,

5    Inc. ("SJMSC") (together, "Corporate Defendants") oppose the Motion.  Dkt. 22

6    ("Opp'n").  Defendant Tony Li ("Li") did not respond to the Motion.  On January 8,

7    2025, the court found the Motion appropriate for resolution without oral argument and

8    vacated the hearing set for January 10, 2025.  Dkt. 29; *see* Fed. R. Civ. P. 78(b); Local

9    Rule 7-15.

10        For the reasons stated herein, the court GRANTS the Motion and REMANDS

11    this action to the Los Angeles County Superior Court.

12    **BACKGROUND**

13        This action arises from the purported retaliation, discriminatory treatment, and

14    failure to accommodate that Plaintiff was subjected to during her employment as a

15    technical services specialist for Corporate Defendants.  Dkt. 4-1 at 3–25 ("Compl.").[1]

16        On December 13, 2023, Plaintiff filed the Complaint in the Los Angeles County

17    Superior Court, asserting ten causes of action against Abbott, SJMSC, and Li for: (1)

18    retaliation; (2) discrimination in violation of the California Fair Employment and

19    Housing Act ("FEHA"); (3) failure to accommodate in violation of FEHA; (4) failure

20    to engage in a timely and good-faith interactive process; (5) harassment in violation of

21    FEHA; (6) retaliation in violation of FEHA; (7) failure to prevent discrimination,

22    harassment, retaliation; (8) wrongful discharge in violation of public policy; (9)

23    defamation; and (10) intentional infliction of emotional distress.  *Id.* ¶¶ 35–116.

24    Plaintiff asserts the fifth, ninth, and tenth causes of action against all Defendants, and

25    the remaining causes of action against the Corporate Defendants only.

26

27    ———————————————

28    [1] The court cites documents by the page numbers added by the court's CM/ECF
system, rather than any page numbers that appear within the documents natively.

1   On November 5, 2024, Corporate Defendants removed this action to this court
2   alleging diversity jurisdiction.  Dkt. 1; *see* 28 U.S.C. § 1332(a)(1).  In the instant
3   Motion, Plaintiff contends complete diversity does not exist because Plaintiff and Li
4   are both California citizens.  Mot. Br. at 5, 7.  Corporate Defendants, in opposition,
5   argue Li is a "sham defendant," who was named solely to defeat subject matter
6   jurisdiction.  Opp'n at 11.

## DISCUSSION

### I.    Legal Standard

Federal courts are courts of "limited jurisdiction," possessing "only that power
authorized by the Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of
Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  "It is to be presumed
that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of
establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen*, 511
U.S. at 377 (citations omitted); *Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817,
818 (9th Cir. 1995).

A challenge to subject matter jurisdiction "can be either facial, confining the
inquiry to allegations in the complaint, or factual, permitting the court to look beyond
the complaint."  *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th
Cir. 2003).  Therefore, the court is not restricted to the face of the pleadings and may
review evidence, such as declarations and testimony, to resolve any factual disputes
concerning the existence of jurisdiction.  *See McCarthy v. United States*, 850 F.2d
558, 560 (9th Cir. 1988).

Federal courts have jurisdiction where each plaintiff's citizenship is diverse
from each defendant's citizenship and the amount in controversy exceeds $75,000,
exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).  Diversity jurisdiction
requires "complete diversity, meaning that each plaintiff must be of a different
citizenship from each defendant."  *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th
Cir. 2018) (citation omitted).

3

1    "In determining whether there is complete diversity, district courts may

2    disregard the citizenship of a non-diverse defendant who has been fraudulently

3    joined." *Id.* (citation omitted).  "A defendant invoking federal court diversity

4    jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a

5    general presumption against finding fraudulent joinder." *Id.* (cleaned up); *see also*

6    *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)

7    ("Fraudulent joinder must be proven by clear and convincing evidence.").

8    "There are two ways to establish fraudulent joinder: (1) actual fraud in the

9    pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of

10    action against the non-diverse party in state court."[2]  *Grancare*, 889 F.3d at 548

11    (internal quotation marks and citations omitted).  "Fraudulent joinder is established

12    the second way if a defendant shows that an individual joined in the action cannot be

13    liable on any theory." *Id.* (cleaned up).  "But if there is a *possibility* that a state court

14    would find that the complaint states a cause of action against any of the resident

15    defendants, the federal court must find that the joinder was proper and remand the

16    case to the state court." *Id.* (cleaned up) (emphasis in original).

17    **II.    Analysis**

18    Defendants argue Plaintiff cannot state a claim for hostile work environment

19    under FEHA against Li because "[b]ased on her deposition testimony, she cannot

20    prevail on a harassment claim against Li based on age, sex/gender, or disability."

21    Opp'n at 22.  The court disagrees.

22    **A.    Hostile Work Environment Under FEHA**

23    Under FEHA, an employee who harasses another employee may be held

24    personally liable.  *Lewis v. City of Benicia*, 224 Cal. App. 4th 1519, 1524 (2014)

25    (citing Cal. Gov't Code § 12940(j)(3)).  To establish a *prima facie* case of a hostile

26    _____

27    [2] Here, Corporate Defendants seek to establish fraudulent joinder in the second way,
by arguing Plaintiff cannot establish a cause of action against Li in California state

28    court.  *See* Opp'n at 13–26.

4

work environment, a plaintiff must show: "(1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her protected status; (4) the harassment unreasonably interfered with her work performance by creating an intimidating, hostile, or offensive work environment; and (5) defendants are liable for the harassment." *Ortiz v. Dameron Hosp. Ass'n*, 37 Cal. App. 5th 568, 581 (2019).

To show "unreasonable interference,"

> the plaintiff need not prove that his or her tangible productivity has declined as a result of the harassment. It suffices to prove that a reasonable person subjected to the discriminatory conduct would find, as the plaintiff did, that the harassment so altered working conditions as to make it more difficult to do the job.

Cal. Gov't Code § 12923(a) (approving standard set forth in *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 25 (1993) (Ginsburg, J., concurring)) (quotation marks omitted).

Additionally, to be actionable, the conduct must be "severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive[.]" *Bailey v. S.F. District Att'ys Office*, 16 Cal. 5th 611, 628 (2024). As the California Supreme Court explained:

> Whether a work environment is reasonably perceived as hostile or abusive is not, and by its nature cannot be, a mathematically precise test. The working environment must be evaluated in light of the totality of the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. The required level of severity or seriousness varies inversely with the pervasiveness or frequency of the conduct. Simple teasing, offhand comments, and isolated incidents (unless extremely serious) are not sufficient to create an actionable claim of harassment.

*Id.* (cleaned up). "[A]n isolated act of harassment may be actionable if it is sufficiently severe in light of the totality of the circumstances[.]" *Id.* at 620. "The objective severity of harassment should be judged from the perspective of a

1   reasonable person in the plaintiff's position." *Id.* at 629.

2       "[H]arassment is generally concerned with the *message* conveyed to an

3   employee, and therefore with the social environment of the workplace, whereas

4   discrimination is concerned with explicit changes in the terms or conditions of

5   employment." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 708 (2009) (emphasis in

6   original). "[I]n some cases the hostile message that constitutes the harassment is

7   conveyed through official employment actions, and therefore evidence that would

8   otherwise be associated with a discrimination claim can form the basis of a

9   harassment claim." *Id.*

10      **B.    Sufficiency of Plaintiff's Allegations**

11      Plaintiff alleges Li created a hostile work environment during her employment

12  through acts including: "forcing her to work in the field even during the Covid-19

13  pandemic, pressuring her to return from a later medical leave of absence, conveying to

14  her an illegal requirement that she be '100% healed' to return to work, then upon her

15  eventual return to work, pushing her down the totem pole for a potential promotion for

16  which she was close in line, and not scheduling her for her regular clinics, and

17  generally excluding her." Mot. Br. at 12–13. Plaintiff additionally argues "Li

18  harassed her based on her sex/gender, by questioning her work ethic based on her

19  having a family." *Id.* at 15.

20      Here, the relevant question is whether "there is a *possibility* that a state court

21  would find that the complaint states a cause of action against [Li]." *See Grancare*,

22  889 F.3d at 548 (emphasis in original)." Based on the facts pleaded and the evidence

23  presented, the court finds there is a possibility a state court could find Li conveyed a

24  hostile message to Plaintiff through his conduct—as judged by a reasonable person in

25  Plaintiff's position—that was sufficiently severe or pervasive to state a FEHA

26  harassment claim. *See Bailey*, 16 Cal. 5th at 629; *Roby*, 47 Cal. 4th at 708.

27      Accordingly, Corporate Defendants fail to meet their "heavy burden" to

28  establish Li as a sham defendant. Because there is a possibility Plaintiff can state a

valid harassment claim against Li, the court declines to consider the parties' remaining arguments, including regarding the sufficiency of Plaintiff's claims against Li for intentional infliction of emotional distress and defamation. *See* Mot. at 15–18. Therefore, the court GRANTS the Motion for lack of complete diversity between Plaintiff and Li. *See* 28 U.S.C. § 1332(a)(1).

**III.    Plaintiff's Request for Attorney's Fees**

Lastly, Plaintiff seeks attorney's fees under 28 U.S.C. § 1447(c) ("§ 1447(c)"). Mot. Br. at 18. "Under 28 U.S.C. § 1447(c), an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1072 (C.D. Cal. 2014) (cleaned up) (quoting 28 U.S.C. § 1447(c)). "Absent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal. Conversely, where no objectively reasonable basis exists, fees should be awarded." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Although the court finds Corporate Defendants have failed to meet their "heavy burden" to establish Li is a sham defendant, the removal was objectively reasonable and does not merit an award of attorney's fees to Plaintiff. Accordingly, Plaintiff's request for attorney's fees is DENIED.

/ / /

/ / /

/ / /

## **CONCLUSION**

For the foregoing reasons, the court GRANTS the Motion and REMANDS the action to the Los Angeles County Superior Court, Case No. 23STCV30364. Plaintiff's request for attorney's fees and costs is DENIED.  All dates and deadlines in this court are VACATED.  The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: May 5, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge